**Manuel MICHAEL, Plaintiff-Appellant,**

v.

**James C. PARSONS, Individually and as Chief of Police of Birmingham, Alabama, et al., Defendants-Appellees.**

No. 77–2388
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 15, 1978.

Marion F. Walker, Birmingham, Ala., for plaintiff-appellant.

Charles H. Wyatt, Jr., Charles T. Bradshaw, Birmingham, Ala., for Parsons.

W. Gerald Stone, Bessemer, Ala., for Johnston, Johnson, & McKinney.

Before BROWN, Chief Judge, and RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant Michael, a nonprobationary police officer, brought suit under 42 U.S.C.A. § 1983 against the Chief of Police of the City of Birmingham and the members of the Personnel Board of Jefferson County, Alabama. Michael alleged that he had been deprived of procedural due process because he had been wrongfully terminated without the benefit of a pretermination hearing so that he could rebut bribery charges against him; and that he had been deprived of substantive due process in that he had been tried and acquitted of the bribery charges which were the cause for his dismissal. Although we find no error in the District Court's granting of summary judgment, Michael's contention that the applicable one year statute of limitations does not bar this action deserves some comment.

Michael's complaint, filed on July 2, 1976, alleges an infringement of appellant's rights on January 21, 1974. Each and every subsequent pleading alludes to January 21, 1974, as the date of the alleged injury giving rise to the cause of action. Finally, the evidence shows that any delay in the holding of a post termination hearing, which may have affected the time at which Michael filed his complaint, was attributable to the appellant himself. Consequently, the statute of limitations began to run on January 21, 1974, and was not subsequently

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tolled. The District Court's decision is affirmed.